IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) CRIMINAL NO. 3:18-007 |
| BERNARD TIMOTHY TOBIAS, | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

Defendant Bernard Timothy Tobias seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) based on the length of the mandatory sentence he received for violations of 18 U.S.C. §§ 922(g)(1) and 924(e) in relation to the terms that would be applied under current law. As set forth below, the motion should be denied.

**I.     BACKGROUND**

The defendant was indicted on July 2, 2018 in a one-count indictment for possession of a firearm and ammunition by a felon in violation of 18 U.S.C. 922(g)(1). ECF No. 21. The defendant pled guilty on May 22, 2018. ECF Nos. 38,39, and 41. On September 11, 2018, this Court sentenced the defendant to 180 months imprisonment followed by three years of supervised release. ECF No. 50. On July 22, 2019, the defendant mailed a *pro se* motion to challenge his sentenced pursuant to 28 U.S.C. § 2255, and the motion was docketed the following day. ECF No. 53. The government filed a motion in opposition and a motion and a motion for summary judgement which was granted by the Court. ECF Nos. 75 and 77. The defendant appealed the Court's order and his appeal was denied in an unpublished opinion. United States v. Tobias, No. 22-6650, 2022 WL 12324714 (4th Cir. Oct. 21, 2022)

## II. ARGUMENT

The defendant seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which permits a court to reduce a sentence upon a showing of "extraordinary and compelling circumstances." The defendant asserts his service of a sentence that would not be imposed under current law presents such a circumstance, allowing the Court to reduce his sentence. The Court should deny the defendant's motion without prejudice because he has failed to exhaust administrative remedies. Should the Court reach the merits of the motion, the Court should deny it with prejudice because the changes to the predicate drugs offenses under the first step act do not apply to a conviction under 18 U.S.C. 924(e), and therefore the basis for the defendant's motion is without merit.

### A. This Court Should Deny the Motion Without Prejudice Because the Defendant Has Not Exhausted Administrative Remedies

This Court lacks authority to act on the defendant's motion for a sentence reduction at this time. As explained above, § 3582(c) requires that a request for a sentence reduction be presented first to BOP for its consideration; only after 30 days have passed, or the defendant has exhausted all administrative rights to appeal the BOP's failure to move on the defendant's behalf, may a defendant move for a sentence reduction in court. That restriction is a mandatory claim-processing rule. *United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021). It must be enforced if a party "properly raise[s]" it. *Eberhart v. United States*, 546 U.S. 12, 19 (2005) (holding that Fed. R. Crim. P. 33, which permits a defendant to move for a new trial within 14 days of the verdict, is a nonjurisdictional but mandatory claim-processing rule). The Government raises the rule here, and it must be enforced. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (holding § 3582(c)(1)(A)'s 30-day requirement is an "unyielding procedural requirement" that "must be

enforced," and no equitable exception to the requirement exists to account for irreparable harm or futility).

The undersigned has been in contact with representatives from the Bureau of Prisons and they are unaware of any requests by the defendant to the BOP. Accordingly, the defendant's motion should be denied without prejudice to refiling after he has exhausted the administrative remedies required by law.

### B. The defendant's contention that his sentence would be different if he was sentenced today is wrong as a matter of law and is forclosed by *Ferguson*

The armed career criminal act provides that a defendant with three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another" who violates 18 U.S.C. § 924(g)(1) will be subject to a mandatory minimum sentence of 15 years. 18 U.S.C § 924(e)(1). The act further defines a serious drug offense as "an offense under state law, involving…possessing with intent to manufacture or distribute a controlled substance…for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. 924(e)(2)(A)(i).

The defendant has a prior South Carolina conviction for possession with intent to distribute heroin. PSR ¶ 34. The defendant was convicted of that offense on October 4, 2009 and sentenced to 2 years suspended on 2 years of probation. Id. At the time of the defendant's conviction, possession with intent to distribute heroin under South Carolina law prescribed a maximum penalty of 15 years in prison. Code of Laws of South Carolina § 44-53-370(b)(1) (Amended 2023).

However, the defendant asserts the first step act requires the additional element that a defendant must serve at least one year and one day in prison in order for a serious drug offense to qualify as a predicate offense pursuant to 924(e). The defendant seems to be confusing the

3

predicate offenses for prior convictions and sentencing under Title 21 predicate offenses with the predicate offenses for convictions under the Armed Career Criminal Act.

21 U.S.C. § 802(57) defines a "serious drug felony" as an offense described in 18 U.S.C. 924(e)(2) where the defendant "served a term of imprisonment of more than twelve months." That definition is limited to the statutes in that subchapter and does not extend to 18 U.S.C. 924(e). *See* 21 U.S.C. 802. As a result, the defendant's claim that his sentence would be different if he were sentenced today is wrong as a matter or law, and therefore, does not present and extraordinary and compelling circumstance for his release.

Moreover, the defendant's argument is foreclosed by *United States v. Ferguson*, 55 F.4th 262 (4th Cir. 2022). Under *Ferguson*, the claim of Guideline error that the defendant raises fails as a matter of law to qualify as an extraordinary and compelling reason for compassionate release. *Ferguson* holds the compassionate release statute must be read together with other statutory provisions governing the review of sentences, and a defendant may not use compassionate release to evade limits on post-conviction relief. *Id.* at 270.

To the extent the defendant's claim could be construed to argue he is not challenging the validity of his sentence but instead pointing to the difference between the sentence he received and the sentence he might receive today, such an approach fails "to grapple with the reality that addressing a defendant's argument about the validity of his conviction or sentence in connection with a compassionate release motion—and then granting the motion on that basis—would have the practical effect of correcting a purportedly illegal sentence, a remedy that is exclusively within the province of § 2255." *Id*. at 272.

### C. The Fourth Circuit's decision in *United States v. McCoy* does not entitle the defendant to relief from mandatory minimum sentences as a matter of right.

In *United States v. McCoy*, 981 F.3d 271, 281–83 (4th Cir. 2020), the Fourth Circuit held the policy statement found in U.S.S.G. § 1B1.13—which applies to reductions in terms of imprisonment under § 3852(c)(1)(A)—does not apply to compassionate release motions *brought by inmates* under § 3582(c)(1)(A)(i). In place of the policy statement, *McCoy* permits "courts [to] make their own independent determinations of what constitutes an 'extraordinary and compelling reason[ ]' under § 3582(c)(1)(A), as consistent with the statutory language[.]" *Id*. at 284.

*McCoy* noted, however, that § 1B1.13 "remains helpful guidance even when motions are filed by defendants." *Id*. at 282 n.7; *see also United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021) ("U.S.S.G. § 1B1.13, even though issued before Congress authorized defendant-filed motions, 'remains helpful guidance even when motions are filed by defendants.'"); *United States v. Karrison*, No. 3:13-cr-554-TLW, ECF No. 83, at 2 (D.S.C. Feb. 3, 2021) ("[W]hile § 1B1.13 may not directly apply to an inmate's motion, 'it remains helpful guidance.'"). It approvingly cited the Seventh Circuit's recent decision in *United States v. Gunn*, 980 F.3d 1178 (7th Cir. 2020), which similarly held there is currently no applicable policy statement for compassionate release motions brought by inmates. The Seventh Circuit explained § 1B1.13 remains useful in framing a court's inquiry as to what constitutes "extraordinary and compelling reasons." As it stated:

> The statute itself sets the standard: only 'extraordinary and compelling reasons' justify the release of a prisoner who is outside the scope of § 3582(c)(1)(A)(ii). The substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons'; a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused. In this way the Commission's analysis can guide discretion without being conclusive.

*Id*. at 1180 (citing *Gall v. United States*, 552 U.S. 38, 49–50 (2007); *Kimbrough v. United States*, 552 U.S. 85 (2007)). Thus, although *McCoy* broadened courts' discretion under § 3582(c)(1)(A), it nonetheless appeared to envision a system whereby courts continue to be guided by the existing policy statement.

*McCoy* also held that in considering whether extraordinary and compelling reasons exist for a sentence reduction, district courts are permitted to consider the "unusual length" of a sentence as well as the "'gross disparity' between those sentences and the sentences Congress now believes to be an appropriate penalty for the defendants' conduct." 981 F.3d at 285. It thus concluded Congress' recent amendments to the stacking provisions of § 924(c) could, when coupled with other defendant-specific factors, constitute extraordinary and compelling reasons under § 3582(c)(1)(A)(i). *Id*.

*McCoy* did not hold, however, that the existence of stacked § 924(c) sentences alone *necessarily* satisfies the requirements of § 3582(c)(1)(A)(i) in all cases. Instead, it held courts "may consider" that "defendants are serving sentences that Congress itself views as dramatically longer than necessary or fair." *Id*. *McCoy* stressed the "extraordinary and compelling" prong of § 3582(c)(1)(A)(i) is a "heightened standard," and only those defendants who can meet that standard may obtain relief. 981 F.3d at 287. As the court explained, "it was not unreasonable for Congress to decide that it did not want sentence reductions based on § 403 of the First Step Act to be as widely available as relief under § 404 – and thus to limit those reductions to *truly* extraordinary and compelling cases." *Id*. (emphasis added).

In its broadest terms, *McCoy* thus holds that although § 1B1.13 is not the applicable policy statement for compassionate release motions brought by inmates, defendants still must meet the "heightened standard" required by § 3582(c)(1)(A)(i). Both before and after *McCoy*, defendants

6

must clear the "extraordinary and compelling" threshold by presenting circumstances "[b]eyond what is usual, customary, regular, or common," Extraordinary, *Black's Law Dictionary* (11th ed. 2019), that "go[] beyond what is usual, regular, or customary," or that are "exceptional to a very marked extent." "Extraordinary." *Merriam-Webster.com Dictionary*, Merriam-Webster, https://www.merriam-webster.com/dictionary/extraordinary. Accessed July 1, 2023. If the mere presence of previously mandated stacked § 924(c) sentences was sufficient to constitute an extraordinary and compelling reason, § 3582(c)(1)(A)(i)'s use of the phrase "extraordinary and compelling" would be rendered meaningless. *See United States v. McKinnie*, 24 F.4th 583, 587 (6th Cir. 2022) (holding decision concerning Guidelines calculations does not apply retroactively, so an error under the new opinion "is not an extraordinary and compelling reason to modify an inmate's sentence under § 3582(c)(1)(A)(i)").

In *McCoy*, the Fourth Circuit stated a district court must make an individualized inquiry in each case, and it noted the district courts at issue relied upon individual circumstances of the appellants, including their "relative youth – from 19 to 24 years old – at the time of their offense . . . combined with the substantial sentences the defendants already had served." 981 F.3d at 286. It further noted each appellant had established "excellent institutional records and taken substantial steps toward rehabilitation." *Id.* In affirming the grant of compassionate release for the four appellants, the court highlighted each of the four were relatively young at the time of offense, and each had either no criminal history, a minor criminal history that lacked any prior incarceration, or no relevant criminal history.

*McCoy* stands for the proposition that a mandatory minimum sentence alone does not warrant a grant of compassionate release. Especially in cases such as Tobias's where congress has not reduced the mandatory minimum sentence of his offense. Contrary to the defendants in *McCoy*,

7

the defendant was not young at the time of his conviction and has not served a substantial portion of his sentence.

1. **Even if the defendant has presented extraordinary and compelling reasons, the Court, in an exercise of its discretion, should deny compassionate release in light of the statutory sentencing factors.**

As the movant, the defendant bears the burden of establishing that he is entitled to a sentence reduction under 18 U.S.C. § 3582. *See, e.g., United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013); *United States v. Edwards*, NKM-17-00003, 2020 WL 1650406, at *3 (W.D. Va. Apr. 2, 2020). If the defendant can show an extraordinary and compelling reason that renders him eligible for a sentence reduction, the Court must then consider the factors under 18 U.S.C. § 3553(a) to determine whether, in its discretion, a reduction of sentence is appropriate. *Dillon*, 560 U.S. at 826–27*; see also United States v. Trotman*, 829 F. App'x 607, 608 (4th Cir. Nov. 17, 2020) (per curiam) (recognizing that, when considering a motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A), the court must consider the sentencing factors under 18 U.S.C. § 3553(a), to the extent applicable); *United States v. Chambliss*, 948 F.3d 691, 693–94 (5th Cir. 2020). But compassionate release is a "rare" remedy. *Chambliss*, 948 F.3d at 693–94; *United States v. Mangarella*, FDW-06-151, 2020 WL 1291835, at *2–3 (W.D. N.C. Mar. 16, 2020); *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019).

Here, the § 3353(a) factors counsel against granting the rare remedy of a reduction in the defendant's case. First, the defendant has a substantial prior record that includes violence, burglary, and drug trafficking. PSR ¶¶ 26, 29, 34and 37. Second, prior to this offense, the defendant had been sentenced to a term of imprisonment of 10 years for carjacking at the age of 21. PSR ¶ 29. The defendant was sentenced for this offenses at age 44, which provided him with plenty of time to reflect on his prior circumstances and change the course of his behavior. Lastly, regarding the

8

offense conduct, the defendant was caught with 3 firearms while on South Carolina state probation for his felony crack cocaine conviction. PSR ¶¶ 10 and 37. Simply put, nothing in the 3553(a) factors dictate a sentence reduction in this case.

The defendant compares his situation with that of other defendants who would benefit from changes in the law today, but such a circumstance does not apply to him. In fact, according to data from the United States Sentencing Commission, the average sentence for someone with the defendant's guideline calculation, excluding defendants that have received a sentenced reduction for substantial assistance, is 168 months and the median sentence is 180 months. United States Sentencing Commission judiciary Sentencing Information https://jsin.ussc.gov/analytics/saw.dll?Dashboard. Given the defendant was appropriately convicted under the Armed Career Criminal Act, that calculation necessarily includes individuals without a similar history of violence and drug trafficking.

### III. CONCLUSION

For these reasons, the Court should deny the defendant's motion for compassionate release.[1]

---

[1] If, however, the Court grants a sentence reduction, it may "impose a term of . . . supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." § 3582(c)(1)(A). In imposing a term of supervised release, the court may impose a period of home confinement as a condition of supervised release, provided that the court finds that home confinement is a "substitute for imprisonment." USSG § 5F1.2; *see* 18 U.S.C. § 3583(d). Alternatively, a court may consider modifying an existing term of supervised release to add a period of home confinement, consistent with USSG § 5F1.2. *See* § 3583(e)(2).

Respectfully Submitted,

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

By: _s/ Lamar J. Fyall_____
Lamar J. Fyall  (Fed. ID #13629)
Special Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, South Carolina 29201
Tel.:   803-929-3000
Fax:   803-256-0233
Email: Lamar.Fyall@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) CRIMINAL NO. 3:18-007 |
| BERNARD TIMOTHY TOBIAS, | ) |
| | ) |
| Defendant. | ) |

As attorney of record, on July 5, 2023, I caused to be served one true and correct copy of the attached **UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** via the court's e-noticing system, but if that means failed, then by regular mail, on the following persons(s):

    Bernard Timothy Tobias #95170-071
    FCI Bennettsville
    Federal Correctional Institution
    P.O. Box 52020
    Bennettsville, SC 29512

    BY: s/Lamar J. Fyall
    Lamar J. Fyall (Fed. No. 13629)
    Assistant United States Attorney
    United States Attorney's Office
    1441 Main Street, Suite 500
    Columbia, SC 29201
    Telephone (803) 929-3000
    Fax: (803) 254-2943
    Lamar.Fyall@usdoj.gov