IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America<br><br>v.<br><br>Bernard Timothy Tobias | Case No. 3:18-cr-00007-TLW<br><br>**ORDER** |

This matter is before the Court on Defendant Bernard Timothy Thomas' *pro se* motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) based on the mandatory sentence he received for violations of 18 U.S.C. §§ 922(g)(1) and 924(e) in relation to the terms that would be applied under current law. ECF No. 86.

The Court may reduce a defendant's sentence under that statute only "after [(1)] the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [(2)] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). This statute requires a defendant to exhaust administrative remedies prior to seeking relief in this Court. *See Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016) (finding that "mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion"); *United States v. Jackson*, No. 4:11-CR-02073-TLW, 2023 WL 4161209, at *1 (D.S.C. June 23, 2023) (dismissing without prejudice a motion for compassionate release where the defendant had failed to first exhaust his administrative remedies).

The Government opposes Tobias' motion, arguing that he "has failed to

exhaust his administrative remedies." ECF No. 93 at 2. The Government notes that it has been in contact with representatives of the Bureau of Prisons and that they are unaware of any request made by Tobias to the warden of his facility. *Id.* at 3. Because of his failure to exhaust his administrative remedies, the Government requests that this Court dismiss Tobias' motion without prejudice to refile once he has exhausted his administrative remedies. *Id.*

In his motion, Tobias twice cites the entirety of § 3582's exhaustion requirement. ECF No. 86 at 8 & 10. However, despite noting this necessary procedural first step, Tobias does not assert that he has either exhausted or attempted to exhaust his administrative remedies. Moreover, he has not provided any documentation that he has made such a request pursuant to § 3582 to his warden or that he has otherwise exhausted his administrative remedies. Therefore, his motion, ECF No. 86, is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust his administrative remedies.

Tobias has the right to refile a § 3582 motion seeking a reduction in his sentence. Any refiled motion must include documentation showing either that he has exhausted his administrative remedies or that he has made a request for relief to the warden of his facility which has been pending for more than thirty days.

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

August 4, 2023
Columbia, South Carolina