

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| vs. | § | CRIMINAL ACTION NO.: 3:18-007-MGL-1 |
| | § | |
| BERNARD TIMOTHY TOBIAS, | § | |
| Defendant. | § | |
| | § | |

### MEMORANDUM OPINION AND ORDER
### DENYING DEFENDANT'S SUPPLEMENTAL MOTION
### FOR COMPASSIONATE RELEASE

**I.      INTRODUCTION**

Pending before the Court is Defendant Bernard Timothy Tobias's (Tobias) motion for reconsideration of Judge Wooten's order dismissing without prejudice Tobias's motion for compassionate release. Because Judge Wooten's order provided leave for Tobias to refile, the Court will treat Tobias's motion as a supplemental motion for compassionate release. Having carefully considered the original motion, the response, the supplemental motion, the record, and the applicable law, it is the judgment of the Court the motion will be denied.

**II.     FACTUAL AND PROCEDURAL HISTORY**

Tobias pled guilty, pursuant to a plea agreement, to felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Judge Wooten sentenced Tobias to 180 months of incarceration and a three-year-term of supervised release.

Tobias currently has a projected release date of September 23, 2030.

After Tobias filed his original motion, the government responded.  Judge Wooten issued the order dismissing Tobias's motion without prejudice for failure to exhaust his administrative remedies.  Tobias subsequently filed his supplemental motion, and the Clerk's Office reassigned the case to the undersigned Judge.  The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

## III.    STANDARD OF REVIEW

After a defendant has exhausted his administrative remedies, the Court may reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).  The Court must consider whether the extraordinary and compelling reasons are "consistent with applicable policy statements issued by the Sentencing Commission[.]"  *Id.* § 3582(c)(1)(A).   As of November 1, 2023, United States Sentencing Guideline (U.S.S.G) § 1B1.13 contains the applicable policy statement.

Section 1B1.13 now identifies six circumstances that, individually or in combination, may provide "extraordinary and compelling reasons" for a reduction in sentence: (1) certain medical circumstances of the defendant; (2) the defendant's age and conditions related to his age; (3) the defendant's family circumstances; (4) the fact that the defendant, while in custody, was the victim of sexual or physical abuse committed by, or at the direction, of a correctional officer, (5) "any other circumstances or combination of circumstances . . . similar in gravity to" the enumerated situations in the policy statement; and (6) the defendant received an "unusually long sentence[.]" U.S.S.G. § 1B1.13(b).

Finally, even if the Court finds extraordinary and compelling reasons to support relief, it retains the discretion to deny a defendant's motion after balancing the applicable 18 U.S.C. § 3553(a) factors. *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021).


## IV.    DISCUSSION AND ANALYSIS

As an initial matter, Tobias has now exhausted his administrative remedies. The Court thus turns to the merits of his motion.

### A.    *Whether Tobias presents extraordinary and compelling reasons warranting a reduction of his sentence under 18 U.S.C. § 3582(c)*

Tobias contends he no longer qualifies as an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e). The government posits compassionate release is the improper vehicle for the relief Tobias seeks.

To the extent Tobias contends the law has changed since his sentencing, the guidelines have been amended to specify, except when concerning an "unusually long sentence," "a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under th[e] policy statement." U.S.S.G. § 1B1.13(c).

In the case of an unusually long sentence, the defendant must have served at least ten years, and the change in law must "produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed[.]" *Id.* § 1B1.13(b)(6).

Here, as stated above, Tobias was sentenced to 180 months—fifteen years—of which he has served approximately six years. Thus, he has served less than the ten years required from a reduction in sentence under this rule. As such, even assuming the law has changed in Tobias's favor, therefore, he has failed to show extraordinary and compelling reasons.

### B.    *Whether the Section 3553(a) factors weigh in favor of a reduction of sentence*

Even if the Court determined extraordinary and compelling circumstances exist in this case,

however, analysis of the Section 3553(a) factors would preclude reducing Tobias's sentence.  *See*

18 U.S.C. § 3582(c)(1)(A) (the Court may grant compassionate release only "after considering the

factors set forth in section 3553(a) to the extent that they are applicable[.]").  These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) "the need for the sentence imposed—
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes by the defendant;
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for [the offense] . . .[;]
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . [;]
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Tobias pled guilty to a serious offense.  He was caught with three firearms while on state

probation.  And, he has an extensive criminal history, including convictions of carjacking, second

degree burglary, possession with intent to distribute heroin, and manufacture and distribution of

cocaine base, which resulted in Judge Wooten assigning him a Criminal History Category of V at

sentencing.

Tobias asserts he has taken steps toward rehabilitation while incarcerated, although he has

failed to describe those steps.  Although the Court encourages Tobias to continue his rehabilitative

efforts, he has done no more than the Court hopes of every defendant.

4

Overall, Tobias's 180-month sentence fails to create any unwarranted disparity among defendants in similar circumstances.  In fact, according to statistics cited by the government, 180 months is the median sentence given to defendants with his guideline calculation.  *Judiciary Sentencing INformation (JSIN)*, U.S. Sentencing Comm'n, https://jsin.ussc.gov/analytics/saw.dll?Dashboard (last accessed February 13, 2024).

Considering the balance of the factors, therefore, the Court determines a reduced sentence is inappropriate.  Tobias's current sentence is sufficient, but no longer than necessary, to promote respect for the law, provide adequate deterrence, reflect the seriousness of her offense, and is a just punishment in this case.  The Court will therefore deny Tobias's supplemental motion for compassionate release.

## V.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Tobias's supplemental motion for compassionate release, ECF No. 97, is **DENIED**.

**IT IS SO ORDERED.**

Signed this 26th day of February 2024, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE