

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| vs. | § Criminal Action No.: 3:18-7-MGL-1 |
| | § |
| BERNARD TIMOTHY TOBIAS, | § |
| Defendant. | § |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

### I.    INTRODUCTION

Pending before the Court is Defendant Bernard Timothy Tobias's (Tobias) motion for compassionate release.  Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court Tobias's motion will be denied.

### II.    FACTUAL AND PROCEDURAL HISTORY

Tobias pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

At sentencing, Tobias received a total offense level of thirty and nine criminal history points, which resulted in a criminal history category of V.  Tobias also qualified as an armed career criminal, subjecting him to a fifteen-year statutory minimum.  Together, this meant Tobias's guideline range, accounting for the statutory minimum, was 180 to 188 months of imprisonment.

The Court thus sentenced him to 180 months, followed by three years of supervised release. He currently has a projected release date of September 23, 2030.

After sentencing, Tobias filed a motion to vacate his sentence under 28 U.S.C. § 2255, as well as a motion for compassionate release. The Court denied both motions.

Tobias later filed a second motion for compassionate release. The government responded, and Tobias replied. Having been fully briefed on the relevant issues, the Court will now adjudicate the motion.

### III. STANDARD OF REVIEW

After a defendant has exhausted his administrative remedies, "[a] district court analyzes [his] compassionate release motion in two steps." *United States v. Woody*, 115 F.4th 304, 310 (4th Cir. 2024).

"First, the [C]ourt must determine [the defendant] is eligible for a sentence reduction because he has shown 'extraordinary and compelling reasons' for release." *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024) (citing *United States v. Hargrove*, 30 F.4th 189, 194–95 (4th Cir. 2022)); 18 U.S.C. § 3582(c)(1)(A)(i). In doing so, the Court shall consider whether the extraordinary and compelling reasons are "consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A).

The applicable policy statement identifies six circumstances that, individually or in combination, may provide extraordinary and compelling reasons for a sentence reduction: (1) certain medical circumstances of the defendant; (2) the defendant's age and conditions related to his age; (3) the defendant's family circumstances; (4) the fact the defendant, while in custody, was the victim of sexual or physical abuse committed by, or at the direction, of a correctional

2

officer, (5) the presence of "any other circumstance or combination of circumstances . . . similar in gravity to" other enumerated circumstances; and (6) the defendant received an "unusually long sentence[.]" United States Sentencing Guideline (U.S.S.G.) § 1B1.13.

"Second, the [C]ourt [must] consider[] whether the 18 U.S.C. § 3553(a) [(Section 3553(a)] sentencing factors support relief." *Moody*, 115 F.4th at 310 (citing *United States v. Bond*, 56 F.4th 381, 383 (4th Cir. 2023)). !!"District courts 'enjoy broad discretion' in evaluating the [Section] 3553(a) factors when deciding a motion for compassionate release." *Id.* (quoting *United States v. Bethea*, 54 F.4th 826, 834 (4th Cir. 2022)).

IV.     **DISCUSSION AND ANALYSIS**

The government concedes Tobias has exhausted his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A) (explaining a defendant may bring a motion for compassionate release only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier"). The Court will therefore turn to the merits of his motion.

    A.    *Whether Tobias presents extraordinary and compelling reasons warranting a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)*

As the Court stated above, in addition to the enumerated extraordinary and compelling reasons, the policy statement contains a "catch-all" category. Under this category, extraordinary and compelling reasons exist where the defendant "presents any other circumstances or combination of circumstances . . . . similar in gravity to" the circumstances "described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5).

3

Here, Tobias asserts the combination of his rehabilitative efforts and medical conditions is similar in gravity to the enumerated circumstances outlined in paragraphs (1) through (4) of the policy statement.  The Court, however, is unconvinced.

Tobias contends he has maintained a clean disciplinary record, works as a unit orderly, is enrolled in a GED program, has completed various educational courses, has reduced his recidivism level from medium to low risk, and has received good ratings in the categories of living skills and family and community ties.  Tobias acknowledges rehabilitation alone fails to constitute an extraordinary and compelling reason.  But, Tobias insists these rehabilitative efforts, along with his medical conditions, satisfy this high burden.

Tobias alleges he has deteriorating dental health and prediabetes.  His medical records from the Bureau of Prisons (BOP), however, contain only two passing mentions of dental caries, unsatisfactory tooth restoration, and prediabetes.  Absent from these medical records are any indications Tobias's conditions are uncommon or unable to be adequately managed by the BOP.  Indeed, as the government aptly notes, data from the Center for Disease Control (CDC) indicates approximately 36.5% of adults in the United States have been diagnosed with prediabetes.  CDC, Diabetes,  https://www.cdc.gov/diabetes/php/data-research/appendix.html (last visited Mar. 30, 2025).  And, this occurrence is even higher for individuals who fall within Tobias's demographic.

Tobias also alleges he has a history of fungal infections.  Tobias's medical records indicate he visited BOP Health Services for a fungal infection in October 2023.  But, his provider prescribed an over-the-counter cream to treat the infection.  And, the cream evidently cured the infection, as Tobias has neglected to report any additional problems, or any health issues for that matter, since this date.

Simply put, the Court is persuaded these circumstances, even in combination, are dissimilar in gravity to those described in paragraphs (1) through (4) of the policy statement. Accordingly, the Court concludes Tobias has failed to establish extraordinary and compelling reasons justify compassionate release.

> B.    *Whether the Section 3553(a) factors weigh in favor of a sentence reduction*

Even if the Court determined extraordinary and compelling circumstances exist in this case, analysis of the Section 3553(a) factors would nevertheless preclude any reduction in Tobias's sentence. *See* 18 U.S.C. § 3582(c)(1)(A) (explaining the Court may grant compassionate release only "after considering the factors set forth in [S]ection 3553(a) to the extent that they are applicable"). These factors include:

> (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2)    the need for the sentence imposed—
>        (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>        (B)    to afford adequate deterrence to criminal conduct;
>        (C)    to protect the public from further crimes by the defendant;
>        (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3)    the kinds of sentences available;
> (4)    the kinds of sentence and the sentencing range established for [the offense] . . . ;
> (5)    any pertinent policy statement . . . issued by the Sentencing Commission . . . [;]
> (6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7)    the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Tobias acknowledges he pled guilty to a serious offense. Indeed, Tobias was discovered to be in possession of two firearms, multiple rounds of ammunition, drug paraphernalia, counterfeit

money, and various quantities of methamphetamine, morphine, oxycodone, and marijuana while on state probation for manufacturing and distributing cocaine base.

Tobias also has an extensive criminal history, including convictions for strong arm robbery, grand larceny, carjacking, possession of marijuana, possession with intent to distribute heroin, driving under suspension, and manufacture and distribution of cocaine base. In fact, three of these convictions categorize Tobias as an armed career criminal.

As the Court noted above, Tobias has taken steps toward rehabilitating himself while in custody. Though the Court is pleased with Tobias's rehabilitation efforts and encourages him to continue furthering his education and skills, Tobias has done no more than the Court hopes of every defendant. *Cf.* 28 U.S.C. § 994(t) (explaining "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason").

Moreover, Tobias's sentence fails to create any unwarranted disparity among defendants in similar circumstances. The Court sentenced Tobias to a mandatory minimum of 180 months. And, as the Court explained in its prior order denying Tobias's motion for compassionate release, 180 months is the median sentence imposed upon defendants with the same primary guideline, final offense level, and criminal history category as Tobias. *Judiciary Sentencing INformation (JSIN)*, U.S. Sentencing Comm'n, https://jsin.ussc.gov/analytics/saw.dll?Dashboard (last visited May 30, 2025).

Tobias relies upon three district court cases, which he contends present facts similar to his case, in which the court granted the defendants' motions for compassionate release. But, having reviewed these cases in full, the Court is persuaded they are materially distinguishable. *See United States v. Clayton*, 2024 WL 7651858, at *7 (E.D. Va. Feb. 23, 2024) (granting motion based on a gross disparity in sentencing where the defendant's sentence of 408 months was 132 months

6

greater than the minimum low-end guideline sentence that could be imposed today); *United States v. Hebert*, 574 F. Supp. 3d 416, 424 (E.D. Tex. 2021) (granting motion based on a gross disparity in sentencing where the defendant's sentence of 215 years would be roughly 65 years if imposed today); *United States v. Jones*, 2021 WL 1156631, at *4–*5 (S.D. Iowa Mar. 25, 2021) (granting motion where the defendant spent thirteen years rehabilitating herself in custody, the defendant's sentence of 360 months would be between 130 and 162 months if imposed today, and the defendant was coerced into taking a thirty-year plea deal for a low-level drug crime).

Thus, upon balancing the Section 3553(a) factors, the Court determines Tobias is unentitled to a sentence reduction, as his current sentence is sufficient but no longer than necessary to promote respect for the law, provide adequate deterrence, and reflect the seriousness of his offense, and it is a just punishment in this case. Accordingly, the Court will deny Tobias's motion.

## V.  CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Tobias's motion for compassionate release, ECF No. 112, is **DENIED**.

**IT IS SO ORDERED.**

Signed this 3rd day of June 2025, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE